# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE:  Joy Lombardo | Case No. |
| Plaintiff | COMPLAINT |
| | **Judge:** |
| v. | **Magistrate:** |
| | July Demand Requested |
| Radius Global Solutions, Inc. | |
| 7831 Glenroy Road, Suite 250-A | |
| Minneapolis, MN 55439 | |
| Defendant | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Joy Lombardo, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Radius Global Solutions, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. The Seventh Circuit Court of Appeals in *McMahon vs. LVNV Funding, LLC et al.*, 744 F.3d 1010 (7th Cir. 2014), has stated that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable the collector has violated the FDCPA." *Id.* at 1020.

4. Recently, the Seventh Circuit Court of Appeals in Pantoja vs. Portfolio Recovery Assocs., LLC, 15-CV-01567, (7th Cir., 2017), stated the

FDCPA "prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand."

5. In that same case: the Seventh Circuit Court of Appeals stated that the warning described in paragraph four, must be "clear, accessible, and unambiguous to the unsophisticated consumer." *Id.*

6. Finally, that same case held: "[S]ilence about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law." *Id.*

7. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.

8. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

9. The dunning letter must identify the current creditor clearly enough that "a consumer wishing to verify that a payment would extinguish her obligation could contact the current creditor to confirm that paying the letter-writer would be the proper course of action." *Id.*

10. If an initial dunning letter fails to disclose the required information clearly, it violates the FDCPA, without further proof of confusion. *Id.*

## JURISDICTION AND VENUE

11. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

12. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

13. Plaintiff, Joy Lombardo-formerly known as Joy Anderson-as reflected in the Exhibit-(hereinafter "Plaintiff") incurred an obligation to pay

money, the primary purpose of which was for personal, family, or household uses (the "Debt").

14. Plaintiff is a resident of the State of Illinois.
15. Defendant, Radius Global Solutions, Inc., ("Defendant"), is a Minnesota business entity with an address of 7831 Glenroy Road, Suite 250-A, Minneapolis, MN 55439, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
16. Unless otherwise stated herein, the term "Defendant" shall refer to Radius.
17. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

18. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
19. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## ALLEGATIONS

20. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,203.00 (the "Debt") to an original creditor (the "Creditor")
21. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
22. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
23. On August 29, 2020, Defendant mailed Plaintiff an initial collection letter.  See Exhibit.

24. Plaintiff received said letter on or about September 5, 2020
25. This letter is for a debt that is beyond the statute of limitations in Illinois to be legally enforced. See Exhibit.
26. Said letter begins with this statement: "Account(s) in our office: Creditor: MEA-ST JOSEPH" See Exhibit.
27. Next, said letter states the following: "[T]he law limits how long you can be sued on a debt. Because of the age of your debt, you can not be sued for it. See Exhibit.
28. Then, said letter states "[I]n many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you, if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt." See Exhibit.
29. The language used by Defendant and described in paragraph 27 and 28 of this Complaint is cryptic as to the consequences of one payment by Plaintiff, and in no way provides language that is "clear, accessible, and unambiguous" to Plaintiff.
30. Plaintiff is confused that about what type of payment or amount of payment would or would not restart the statute of limitations period.
31. Furthermore, Defendant is not being clear as to who this debt is actually owed to.
32. Based on said letter, Plaintiff has no idea who this debt is owed to.
33. There is no business named "MEA-ST. JOSEPH" and no businesses that commonly go by such a name, however there are many healthcare providers of all types of healthcare in the state of Illinois that have St. Joseph in their name.

## **VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
35. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the

Defendant materially misled Plaintiff through this communication.

36. The Defendant's conduct violated 15 U.S.C. Section 1692e by failing to state that if Plaintiff made a one penny payment toward the debt, the statute of limitations would start over again.

37. The Defendant's conduct violated 15 U.S.C. Section 1692g by failing to state clearly who the debt was owed to.

38. Plaintiff is entitled to damages as a result of Defendant's violations.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff